# UNITED STATES EX REL. TRUSSED CONCRETE STEEL COMPANY *v.* EWING.

PATENTS; INTERFERENCE; MANDAMUS; STARE DECISIS.

1. The Commissioner of Patents cannot, after denying the right of an assignee of a patent and future improvements to intervene in an

interference proceeding between the assignor's subsequent applica·
tion involving improvements, and an application by a third person,
be compelled by mandamus to permit the intervention, even if his
decision was wrong.

2. Mandamus will not issue in favor of the assignee of a patent to compel
the Commissioner of Patents to declare an interference between the
patent and an application by a third person, since the determination
of the existence of an interference is confided to the judgment and
discretion of the Commissioner by sec. 4904, U. S. Rev. Stat. U. S.
Comp. Stat. 1901, p. 3389, providing that whenever an application
is made for a patent which, in the opinion of the Commissioner,
would interfere with a pending application or unexpired patent, he
shall give specified notice and direct the Primary Examiner to deter-
mine the question of priority; and that the Commissioner may issue
a patent to the prior party unless the adverse party appeals; and
especially since the relator after patent to the third person has a
remedy for infringement, a special remedy under sec. 4918, U. S.
Rev. Stat. U. S. Comp. Stat. 1901, p. 3394, and possibly a right to
reopen the case and prosecute an appeal from the Commissioner's
refusal to declare the interference.

3. The writ of mandamus cannot be substituted for an appeal or writ of
error.

4. The issuance of mandamus to compel the Commissioner of Patents to
permit the assignee of a patent and future improvements to intervene
in an interference proceeding between a subsequent application by
the assignor for improvements and an application by a third person,
and to declare an interference between the assigned patent and the
latter application, is not required by the fact that a United States
district court has adjudged title to the assignor's invention to be in
the assignee, upon the theory that it is the Commissioner's duty to
give effect to that decision, since the Commissioner acts in such mat-
ters in a quasi judicial capacity.

No. 2638.    Submitted March 5, 1914. · Decided April 6, 1914.

HEARING on an appeal by the relator from an order of the
Supreme Court of the District of Columbia dismissing a petition
for a 'writ of mandamus requiring the Commissioner of Pat-
ents to intervene in an interference proceeding and to declare an
interference between an assigned patent and a patent application
by a third person.                          *Affirmed.*

The COURT in the opinion stated the facts as follows:

Relator, Trussed Concrete Steel Company, appellant, a corporation, filed a petition in the supreme court of the District of Columbia praying for a writ of mandamus against the Commissioner of Patents, requiring him to permit relator to intervene in an interference proceeding pending in the Patent Office at the time of the filing of this petition; and to further require the Commissioner to declare an interference between a certain patent issued to relator, as assignee of one Forsyth, and a pending application for patent of one Clark. On hearing, the court entered an order dismissing the petition. From the judgment this appeal is prosecuted.

It appears that relator is the owner by assignment from Forsyth of United States Letters Patent No. 855,240, issued May 28, 1907, and No. 862,897, issued August 13, 1907, and also of all future improvements made thereon by Forsyth. At the time this contract was made, Forsyth was in the employ of relator company. Subsequently, he entered the employ of the Corrugated Bar Company, of St. Louis, Missouri. While in the employ of this company, he made certain alleged improvements upon the inventions assigned to relator, for which applications for patents were made, among which was application No. 605,625.

In a suit brought by relator against Forsyth in the United States district court for the northern district of Ohio, Forsyth was perpetually enjoined from alienating any interest he might have in pending applications for patents, and particularly any interest he might have in patent No. 1,007,027, of October 24, 1911, which had just been issued. Two days after bringing the suit, November 22, 1911, an interference was declared in the Patent Office between the application of Forsyth, No. 605,625, and the application for patent of one Dwight G. Clark, No. 433,958. It is with this application of Clark's that relator seeks to compel the Commissioner to declare an interference with its patent No. 862,897.

*Mr. Fred L. Chappell, Mr. William S. Hodges,* and *Mr. W. Merle Smith* for the appellant.

*Mr. Webster S. Ruckman* and *Mr. James A. Carr* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The claim of relator to intervene in the interference between Forsyth and Clark is based upon its alleged ownership of the Forsyth invention, the title to which had been adjudged in relator by the decision of Judge Day in the suit in the United States district court in Ohio. To grant the writ, it would be necessary to require the Commissioner to set aside the award of priority to Clark and reopen the proceedings to permit relator to intervene and contest the interference according to the procedure of the Patent Office. Relator, during the existence of this interference, was in privity with Forsyth, as the equitable owner, at least, of the Forsyth invention. Relator made application to the Commissioner for leave to intervene, which was denied. Hence relator is not here seeking to compel the Commissioner to make a decision commanded by law, but to compel him to reverse a decision duly made in the discharge of his official duty. The decision, though it may be erroneous, cannot be reviewed in this proceeding.

The writ is sought also for the purpose of compelling the Commissioner to declare an interference in favor of relator. Section 4904, U. S. Rev. Stat. U. S. Comp. Stat. 1901, p. 3389, provides: "Whenever an application is made for a patent which, in the opinion of the Commissioner, would interfere with any pending application, or with any unexpired patent, he shall give notice thereof to the applicants, or applicant and patentee, as the case may be, and shall direct the Primary Examiner to proceed to determine the question of priority of invention. And the Commissioner may issue a patent to the party who is adjudged the prior inventor, unless the adverse party

appeals from the decision of the Primary Examiner, or of the board of Examiners in Chief, as the case may be, within such time, not less than twenty days, as the Commissioner shall prescribe."

The determination of the existence of an interference is confided by statute to the judgment and discretion of the Commissioner of Patents; and whether in the exercise of that judgment in the present case he was right or wrong, the conclusion was a possible one, and is not subject to review by mandamus. *United States ex rel. Ness* v. *Fisher,* 223 U. S. 683, 56 L. ed. 610, 32 Sup. Ct. Rep. 356.

Since the patent has been issued to Clark, relator has a double remedy,—one for infringement, and a special remedy provided by sec. 4918, U. S. Rev. Stat. U. S. Comp. Stat. 1901, p. 3394. Indeed, it may well be that relator has still an avenue of procedure open in the Patent Office through which he could reopen the proceedings in such manner as to reserve the questions here presented for consideration on appeal from a decision of the Commissioner. The writ of mandamus, however, cannot be substituted for an appeal or writ of error.

Neither are we impressed with the contention of counsel for relator, to the effect that the writ should be issued to compel the Commissioner to recognize and give effect to the decision of Judge Day. In the remedies open to relator, that adjudication can be availed of in so far as it may be beneficial to it. The Commissioner acts in these matters in a quasi judicial capacity, and while he may err in not following the adjudications of a certain question by the courts, his judgment cannot be controlled by mandamus simply because it is in conflict with the decision of a court.

The judgment is affirmed, with costs.        *Affirmed.*